IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Diana Jordan,<br><br>                      Plaintiff,<br><br>v.<br><br>Debra Gunter,<br><br><br><br>                      Defendant. | C/A No. 3:18-2789-JFA<br><br><br>**ORDER** |

## I. INTRODUCTION

Diana Jordan ("Plaintiff"), proceeding *pro se*,[1] filed this civil action on October 15, 2018 against Defendant Debra Gunter concerning the sale of 207 Lexington Lane in Chapin, South Carolina. (ECF No. 1). Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs under 28 U.S.C. § 1915 ("Application"). (ECF No. 3). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this case was referred to a Magistrate Judge for Review. (ECF No. 3).

The Magistrate Judge assigned to this action[2] prepared a thorough Report and Recommendation ("Report") and opines that this Court deny Plaintiff's Application. (ECF No. 8

---

[1] "*Pro se* complaints and pleadings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers." *Ally v. Yadkin Cty. Sheriff Dept.*, 698 F. App'x 141, 142 (4th Cir. 2017) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making

at 6). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. (ECF No. 8). The Magistrate Judge required Plaintiff to file objections by November 7, 2018 (ECF No. 8 at 7), and Plaintiff timely filed her Objections (ECF No. 11). Plaintiff also filed a Motion for Expedited Ruling as to her Complaint (ECF No. 13) and Motion for Leave to Amend Pleadings (ECF No. 16). Accordingly, the Complaint is ripe for review.

## II. LEGAL STANDARD

The district court is required to conduct a *de novo* review only of the specific portions of the Magistrate Judge's Report to which objections are made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *see also Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate Judge's Report, this Court is not required to give an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made specific written objections. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of

---

a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Where an objection is "nonspecific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate[s] . . . claims," the Court need not conduct any further review of that objection. *Field v. McMaster*, 663 F. Supp. 2d 449, 452 (D.S.C. 2009); *see also McNeil v. SC Dept. of Corrections*, No. 5:12-2880-MGL, 2013 WL 1102881, at *1 (D.S.C. Mar. 15, 2013) (finding petitioner's objections to be without merit where the objections were "non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, and consist[ed] of a reassertion of the arguments" made in the petition); *Arbogast v. Spartanburg Cty.*, No. 07:11-cv-00198-GRA, 2011 WL 5827635, at *2 (D.S.C. Nov. 17, 2011) (finding that plaintiff's objections were not specific where the objections were "general and conclusory in that they merely reassert[ed] that his conviction was wrongful.").

Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). A litigant is not required to show she is completely destitute in order to qualify as an indigent within

the meaning of 28 U.S.C. § 1915(a). *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). However, the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). In *Carter v. Telectron, Incorporated*, the court enunciated three legal tests used to determine whether a person should proceed *in forma pauperis* under 28 U.S.C. § 1915:

>   (1) Is the litigant barred from the federal courts by the reason of her "impecunity"?
>
>   (2) Is her access to the courts blocked by the imposition of an undue hardship?
>
>   (3) Is the litigant forced to contribute her last dollar, or render herself destitute, to prosecute her claim?

*Carter v. Telectron, Inc.*, 452 F. Supp. 939, 943 (S.D. Tex. 1976); *see also Murray v. Gossett*, C/A No. 3:13-2552-CMC-SVH, 2013 WL 5670907, at *2 (D.S.C. Oct. 17, 2013) (adopting and incorporating Report and Recommendation).

### III. DISCUSSION

In the Report, the Magistrate Judge recommends that this Court deny Plaintiff's Application for two reasons. (ECF No. 8 at 4-6). The first reason is financial. The Report maintains that even though Plaintiff is unemployed, she owns an unencumbered home worth $120,000 and, therefore, she would not be rendered destitute, incur an undue hardship, or be denied access to the courts by paying the $400 filing fee. (ECF No. 8 at 4-5). The Magistrate Judge further asserts that while a litigant does not have to be "absolutely destitute to enjoy the benefits" of *in forma pauperis* status, it does not appear Plaintiff would have to choose between abandoning a potentially meritorious claim or foregoing the necessities of life. (ECF No. 8 at 5) (quoting *Adkins*, 335 U.S.

at 339 (1948); citing also *Karahalios v. Horry County Council*, No. 4:17-cv-00393, 2017 WL 1223697 (D.S.C. 2017)).

Secondly, the Report notes that between June 2018 and the date the Report was filed (October 24, 2018), Plaintiff had filed at least eleven federal lawsuits. (ECF No. 8 at 5). The Court granted Plaintiff *in forma pauperis* status in eight of her cases, and each case was summarily dismissed, or recommended for summary dismissal, for failure to state a claim upon which relief could be granted. (ECF No. 8 at 5). The Report alleges that despite being informed repeatedly that the federal courts have limited jurisdiction, Plaintiff continues to file lawsuits, such as the one currently under review, that are facially inadequate to state plausible federal claims, placing an unreasonable demand on limited judicial resources. (ECF No. 8 at 5-6). The right to proceed *in forma pauperis* is not without limitations, and the Report argues that Plaintiff's continued filing of frivolous cases further supports the denial of her request to proceed *in forma pauperis*. (ECF No. 8 at 6) (citing *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989) ("Abusers of the judicial process are not entitled to sue . . . without paying the normal filing fees.")).

In response, Plaintiff filed her Objections, which reiterate her request to proceed *in forma pauperis*. (ECF No. 11). The closest Plaintiff comes to specifically objecting to the Report is an assertion that paying a filing fee would cause her to remain without legal remedy. (ECF No. 11 at 1). Here, Plaintiff's Objections fail to "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano*, 687 F.2d at 47. Instead, Plaintiff merely reasserts her request for the Application to be granted and makes conclusory remarks rather than arguments supported by evidence. (ECF No. 11). As such, Plaintiff's Objections are not specific to the Report, and the Court may therefore adopt the Report without an explanation. *See McMaster*, 663 F. Supp. 2d at 452; *see also Norton*, 2007 WL 821181, at *1.

## IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report (ECF No. 8). Therefore, Plaintiff's Application (ECF No. 3) is denied. Further, Plaintiff is allowed fourteen (14) days from the date of this order to submit the required $400 filing fee. Plaintiff's Motion for Expedited Ruling (ECF No. 13) is dismissed as moot and Plaintiff's Motion for Leave to Amend Pleadings to include a punitive damages award in the amount of the filing fee (ECF No. 16) is also dismissed with leave to refile once the filing fee is paid.

IT IS SO ORDERED.

July 17, 2019  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge